ROBERT HANDY, an Infant, by JAMES R. HANDY, His Guardian ad Litem, Appellant, v. HADLEY-LUZERNE UNION FREE SCHOOL DISTRICT No. 1, Respondent.

Third Department, October 27, 1937.

Glenn A. Frank, for the appellant.

McPhillips, Fitzgerald & McCarthy [C. E. Fitzgerald and James McPhillips of counsel], for the respondent.

RHODES, J. Plaintiff, about seven years of age, was injured July 13, 1935, by a fall from a slide on the school grounds of the defendant.

The court below, in setting aside the verdict, stated two reasons therefor, the first being that as to photographs Exhibits No. 2 and No. 3 there was not sufficient evidence to permit their admission; second, that there was not sufficient evidence to charge the defendant with notice of the defective condition of the slide prior to the accident.

As to the first ground there was testimony in the record to the effect that these photographs were fair representations of the condition of the slide immediately after the accident. The admission of these photographs, therefore, was proper

As to the second ground concerning the question of notice to the defendant, the jury could have found that immediately after the accident the boards forming the bottom of the slide were loose; that the screws which fastened the boards to the cross pieces were missing and that the ends of the boards at the joints were raised, forming an obstruction which caught the plaintiff's foot, causing him to fall off the slide; that officials of the defendant had examined the slide two or three times each week, the last time being about a week before the accident and that there had been no change in the condition of the slide from the time of its examination by defendant's officials; that the slide had been in use on the school grounds about four years, and that no repairs had been made to it during the time, except that it was put in condition when erected.

The evidence thus warranted a finding that the defective conditions observed after the accident were the same as those existing prior thereto — officials of the defendant testified that the conditions before and after were the same. There was sufficient evidence to establish that the defendant was chargeable with knowledge of the defects because its officials testified that they knew the condition of the slide before the accident.

It was, therefore, error to set aside the verdict on the grounds assigned.

The order and judgment should be reversed with costs, the verdict reinstated and judgment granted for plaintiff, with costs in the court below.

HILL, P. J., and HEFFERNAN, J., concur; McNAMEE and CRAPSER, JJ., dissent, with a memorandum.

McNAMEE and CRAPSER, JJ. (dissenting). We dissent and vote to affirm, on the ground that there is no proof in the case that the board of education had any knowledge of the defect which is alleged

to have caused plaintiff's injury, before the day of the accident, and there is no proof that said defect existed for such a period of time prior thereto as to constitute constructive notice, or that such defect existed at any time before the day of the accident. Defendant's denial of such defect at any time may not be made the basis of proof of a defect prior to accident, as suggested in the prevailing opinion.

Order and judgment reversed on the law and facts, with costs, and verdict reinstated.